Zhang v. Garland

BIA
Navarro, IJ
A206 999 170

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of June, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

CHAO ZHANG,
> *Petitioner,*

v.                                        21-6088
                                          NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Jiyuan Zhang, Esq., J. Zhang and
                            Associates, P.C., Flushing, NY.

FOR RESPONDENT:             Brian M. Boynton, Acting Assistant
                            Attorney General; Mary Jane

Candaux, Assistant Director; Stephen Finn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chao Zhang, a native and citizen of the People's Republic of China, seeks review of a January 27, 2021, decision of the BIA affirming a May 22, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Chao Zhang*, No. A206 999 170 (B.I.A. Jan. 27, 2021), *aff'g* No. A206 999 170 (Immig. Ct. N.Y. City May 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determination "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *see* 8 U.S.C. § 1252(b)(4)(B) ("[T]he

2

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").  We reverse an IJ's credibility determination only if "it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  And, a fact-finder "may base a credibility determination on . . . the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record."  8 U.S.C. § 1158(b)(1)(B)(iii).

In this case, substantial evidence supports the adverse credibility determination given that Zhang omitted his only alleged physical harm (arrests and beatings for protecting Falun Gong practitioners), his ex-wife's forced abortion, and his practice of Buddhism in China from his application, written statement, and direct testimony, and his corroborating evidence did not rehabilitate his testimony.

The agency may rely on both omissions and inconsistencies in making an adverse credibility determination, *see Xiu Xia*

3

*Lin*, 534 F.3d at 167, but it must "evaluate each inconsistency or omission in light of 'the totality of the circumstances, and all relevant factors,'" *Hong Fei Gao*, 891 F.3d at 79 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Zhang's omissions are probative of untruthfulness given that he discussed less relevant facts in his written statement and on direct examination. For example, he included his aunts' forced abortions and that family planning officials "humiliated" him and his former wife, but he did not include his ex-wife's forced abortion. He also mentioned that he feared that authorities would discover his aid to Falun Gong practitioners, but he did not disclose that he was arrested and beaten for hiding them. As we previously observed, "a fact later asserted by a petitioner but omitted from his earlier statement can be of such importance to the purpose of the earlier statement that its omission makes the two tellings inconsistent and legitimately casts doubt on the veracity of the later addition." *Singh v. Garland*, 6 F.4th 418, 428 (2d Cir. 2021). Here, Zhang's allegation on cross-examination that he was arrested, detained, and beaten three or four times by the Chinese government was essential to his asylum claim,

4

as it was his only allegation of past persecution.  The agency was not required to accept Zhang's explanation that he omitted these facts because he forgot about his ex-wife's abortion and did not think the other facts were worth including.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Zhang's documentary evidence did not rehabilitate his claim.  "An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  The letters Zhang submitted do not resolve the discrepancies, and Zhang did not have any medical records to corroborate either his claim of receiving a medical check-up following his purported first police beating or that his ex-wife was forced to have an abortion, as he claimed.

In sum, Zhang's omission of critical facts as well as

5

the lack of corroboration of these facts provide substantial evidence for the adverse credibility determination. This adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6